Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 11-1253

JOAN KINGSBURY,

Plaintiff, Appellant,

v.

MARSH & McLENNAN COMPANIES, INC. RETIREMENT PLAN,
a/k/a  MARSH & McLENNAN COMPANIES, INC.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Leo T. Sorokin, U.S. Magistrate Judge]

Before

Boudin and Lipez, Circuit Judges,

and Smith,* District Judge.

Patrick M. Groulx, with whom Polis Legal, and Ralph C. Copeland, were on brief for appellant.
Edward Cerasia II, with whom Daniel B. Klein, and Seyfarth Shaw LLP, were on brief for appellee.

February 16, 2012

*Of the District of Rhode Island, sitting by designation.

**Per Curiam**.  Joan Kingsbury appeals from the district court's grant of summary judgment affirming the denial of a claim for retirement benefits purportedly owed to Kingsbury's deceased sister, Lorna Hutcheon, under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B).  The district court affirmed the denial of benefits by Marsh & McLennan Companies, Inc. Retirement Plan, a/k/a Marsh & McLennan Companies, Inc. (the "plan" or "Marsh & McLennan"), on the grounds that the claim was barred by the statute of limitations and that the plan administrator's decision was not arbitrary and capricious.

On appeal, the court reviews de novo a district court's grant of summary judgment.  D & H Therapy Assocs., LLC v. Boston Mut. Life Ins. Co., 640 F.3d 27, 34 (1st Cir. 2011).  With respect to a plan administrator's decision, where an ERISA plan gives the administrator discretion to determine benefit eligibility or to construe the terms of the plan, and the plan administrator makes a benefit determination under the plan, a court will only reverse the administrator's decision when it is "arbitrary, capricious, or an abuse of discretion."  Id. (quoting Cusson v. Liberty Life Assurance Co. of Boston, 592 F.3d 215, 224 (1st Cir. 2010)).[1]

---

[1] This deferential standard of review is triggered by the instant plan's language, which vests in the administrator discretionary authority to determine benefit eligibility under the plan and to interpret the terms of the plan.  See Madera v. Marsh USA, Inc., 426 F.3d 56, 63 (1st Cir. 2005).  While Kingsbury states that the court should employ de novo review of the plan administrator's decision, she does not expand on this averment, and

-2-

Under these circumstances, "summary judgment is simply a vehicle for deciding the [benefits] issue and the non-moving party is not entitled to the usual inferences in its favor."  Scibelli v. Prudential Ins. Co. of Am., 666 F.3d 32, No. 11-1372, 2012 WL 75395, at *7 (1st Cir. Jan. 11, 2012) (quoting Gent v. CUNA Mut. Ins. Soc'y, 611 F.3d 79, 82–83 (1st Cir. 2010)) (alteration in original) (internal quotation marks omitted).

In October 2007, Joan Kingsbury's husband, Richard Kingsbury, who was Hutcheon's brother-in-law and in favor of whom Hutcheon had executed a power of attorney, contacted Marsh & McLennan in writing regarding Hutcheon's eligibility for benefits under the plan.  Hutcheon had fallen ill and the Kingsburys believed Hutcheon was entitled to benefits under the plan because, according to the Kingsburys, she had worked for Marsh & McLennan for over twenty years, the plan was non-contributory (i.e., the only requirement for plan membership was that the employee be a salaried employee) with vesting after ten years of qualified service, and eligible participants were entitled to benefits shortly after obtaining sixty-five years of age, which Hutcheon

so we take it that she has waived the conflict of interest argument that she raised before the district court.  Moreover, even if the argument were not waived, she clearly has not met her burden of demonstrating that the alleged conflict influenced the plan's decision to deny her claim.  See Cusson v. Liberty Life Assurance Co. of Boston, 592 F.3d 215, 225 (1st Cir. 2010) (stating that the burden is on the claimant to show that a conflict of interest affected the administrator's decision).

accomplished on July 5, 2000. The Kingsburys and Marsh & McLennan exchanged correspondence over the next year and a half, debating Hutcheon's benefit eligibility under the plan. During this process, the plan scoured its records for information on Hutcheon, but nothing surfaced. At the plan's request for more information, Kingsbury produced, among other things, a ledger from the Social Security Administration indicating that Hutcheon worked for Marsh & McLennan between 1956 and 1977, an affidavit by Hutcheon attesting that she had been employed by Marsh & McLennan from May 1956 to February 1977, and an affidavit by Richard Kingsbury reciting his conversations with Hutcheon and other past and current Marsh & McLennan employees about Hutcheon's eligibility for benefits. Hutcheon died in April 2008; Kingsbury purports to be her sole heir.

In July 2009, Kingsbury submitted what the plan construed as a formal claim for benefits on Hutcheon's behalf, and on January 15, 2010, the plan issued a letter denying the claim. The letter stated that the plan does not maintain records for individuals who do not have a current or potential entitlement to benefits under the plan and that it does not maintain records affirmatively evidencing that a person does not have a current or potential entitlement. The letter also stated that Marsh & McLennan maintains controls to ensure the accuracy and reliability of its records. The letter further noted that Kingsbury failed to come

-4-

forward with any additional information or documents. Finally, the letter described several circumstances under which a former employee would not be entitled to benefits under the plan. Kingsbury appealed the denial to the plan's benefits determination committee, which also denied her claim, adopting the analysis set forth in the earlier denial letter. Kingsbury thereafter sought judicial review.

The plan administrator's decision to deny the claim was measured and well considered; the plan exerted substantial effort researching the claim and searching for evidence of Hutcheon's purported entitlement, as evidenced by the correspondence between Marsh & McLennan and the Kingsburys, and it received and considered evidence from the Kingsburys supporting Hutcheon's entitlement. While Kingsbury argues that there is no conclusive evidence supporting the plan's determination, it is not surprising that the plan does not have any documentation indicating that either Hutcheon no longer was eligible for benefits, or never was eligible in the first place, some thirty years after Hutcheon ceased employment with Marsh & McLennan. Kingsbury cites statutory authority to support her argument that the plan, as a fiduciary, was required to maintain complete and accurate records, see 29 U.S.C. § 1027, but, indeed, that statute requires a plan to maintain certain records relating to plan participants for only six years. Moreover, the plan enumerated many reasons why Hutcheon may

not have a current entitlement to benefits; for example, she may have already received a distribution of her plan contributions or benefits. Notably, none of the competent evidence presented by the Kingsburys establishes that Hutcheon was eligible to participate in the plan, was vested in the plan, was entitled to a plan benefit at any point, or had not already received any benefit due to her. Kingsbury essentially asks the court to hold that the plan administrator acted in an arbitrary and capricious manner by declining to adopt a rebuttable presumption that employees who may be eligible under the terms of the plan have a current entitlement to benefits. Like the district court, we find no basis for such a holding.

Because Hutcheon's claim is largely based on speculation and hearsay, and because of the dearth of evidence as to Hutcheon's eligibility under the plan, the plan's demonstrated effort in researching the claim, and its plausible explanation for Hutcheon's ineligibility, the Court cannot say that the plan administrator's denial was arbitrary, capricious, or an abuse of discretion. Accordingly, summary judgment granted by the district court in favor of Marsh & McLennan is affirmed. Because we affirm on the merits, we need not reach the statute of limitations issue.